## SARICH v. INDUSTRIAL COMMISSION et al.

No. 4121.  Decided July 18, 1924.  (227 Pac. 1039.)

MASTER AND SERVANT—COMPENSATION HELD NOT RECOVERABLE BY WOMAN WHO MARRIED EMPLOYÉ AFTER HIS INJURY.  Comp. Laws 1917, § 3140, declaring that wife shall be presumed to be wholly dependent for support upon husband, *held* inapplicable, where wife of deceased employé married him shortly before his death while he was in hospital mortally injured, she sustaining no loss by his death, and not living with him, as contemplated by statute, at that time.[1]

---

[1] *McGarry* v. *Industrial Commission*, 63 Utah 81, 222 Pac. 592.

Proceeding by Manda Sarich to review an order of the Industrial Commission refusing an award of compensation for the death of Joe Sarich, employé of Utah Consolidated Mining Company.

ORDER AFFIRMED.

*Walton, Walton & Nelson,* of Salt Lake City, for plaintiff.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

FRICK, J.

Manda Sarich, hereinafter called plaintiff, made application to this court to require the Industrial Commission of Utah, hereinafter styled Commission, to certify to this court certain proceedings relating to her application for compensation under the Industrial Act of this state.

Plaintiff's application was filed with the Commission on November 2, 1923. She made application for compensation for the death of one Joe Sarich, who, it was conceded, was, at the time of his death, an employé of the Utah Consolidated Mining Company, and that both the said company and the said Joe Sarich were subject to the provisions of the Industrial Act of this state. The Commission, after a full hearing, in substance, found that on September 20, 1923, said Sarich was injured in the course of his employment; that his wages amounted to $5.50 per day; that immediately after receiving the injury said Sarich was taken to the Bingham Hospital, and remained there until he died; that on September 29, 1923, the "attending physician notified the employer that Mr. Sarich's condition had progressively grown worse, and was such that hopes for recovery were very slight, and that in his opinion the injured man was not going to live"; that he died on October 11, 1923. It was also made to appear that plaintiff had married said Sarich while he was lying mortally injured in the hospital aforesaid on October 1, 1923, and that her claim is based on that marriage.

The Commission also found as a conclusion as follows:

"In view of the foregoing, and taking into consideration all the circumstances in this case, the Commission concludes that the claim of Manda Rukavina Sarich should be denied. We do not believe that the Legislature intended that a 'death-bed' marriage, such as this, should be regarded as a compensable affair. It would indeed be a dangerous precedent to award compensation in cases of this kind; in so doing the Commission would in fact condone immoral relations."

Pursuant to such conclusion the Commission entered an order denying plaintiff's application, and, in view that there were no dependents, also entered an order requiring the said mining company to pay the sum of $988.80 into the state treasury, "as provided by section 3140, subd. 1, of the state Industrial Act."

The plaintiff now insists that the Commission, in denying her compensation, acted in excess of its power and contrary to the provisions of the Industrial Act.

Plaintiff's contention is based upon our statute (Comp. Laws Utah 1917, § 3140), which, after providing the rate or amount of compensation in certain cases, reads as follows:

"The following persons shall be presumed to be wholly dependent for support upon a deceased employé: (a) A wife upon a husband with whom she lives at the time of his death; (b) A female child or female children under the age of eighteen years and a male child or male children under the age of sixteen years (or over such ages if physically or mentally incapacitated from earning) upon the parent with whom he is living at the time of the death of such parent.

"In all other cases, the question of dependency, in whole or in part, shall be determined in accordance with the facts in each particular case existing at the time of the injury resulting in the death of such employé, but no person shall be considered as dependent unless a member of the family of the deceased employé, or bears to him the relation of husband or widow, lineal descendant, ancestor, or brother or sister. The word 'child' as used in this title shall include a posthumous child, and a child legally adopted prior to the injury."

It will be observed that the statute creates a certain presumption in favor of a wife and minor children, including children who are afflicted as stated in the statute. It will,

however, also be observed that the presumption in favor of a wife applies only in case she is living with her husband "at the time of his death." The same is true of the children. If, therefore, a wife is not living with her husband at the time of his death, as the term "living together" is generally understood, the presumption cannot and does not apply. The presumption is therefore restricted to those cases where the wife is actually living with her husband at the time of his death, when death results from an injury received in the course of his employment. The same is true in the case of children, as held by this court in the recent case of *McGarry* v. *Industrial Commission,* 63 Utah, 81, 222 Pac. 592. The mere fact, therefore, that a claimant sustains the relation of wife to an employé who is injured in the course of his employment, and which injury causes death, does not, of itself, give her the right to invoke the presumption of dependency. She must go a step further and show that she lived with her husband at the time of his death. The mere fact, however, that she may not be able to show that she was actually living with her husband at the time of his death does not necessarily deprive a wife of all relief. This is also illustrated in the *McGarry Case,* supra, as it affects children.

In this connection it must be kept in mind that the statute, after stating under what circumstances the presumption of dependency shall apply, provides that—

"In all other cases, the question of dependency, *in whole or in part,* shall be determined in accordance with the facts· in each particular case *existing at the time of the injury* resulting in the death of the employé," etc. (Italics ours.)

A wife who is not living with her husband at the time of death may, therefore, under certain circumstances, still be entitled to some relief if the facts warrant such relief. This is so for the reason that, if she cannot invoke the presumption in her favor because she was not living with her husband, she may still come within the provisions of the statute which covers "all other cases." All other cases necessarily means all those cases to which the presumption does not apply and which are within the provisions of the statute.

Counsel for plaintiff, however, seek to have us construe the

statute as though the presumption applies to all cases of mar-
ried women.  In other words, that all that is necessary to
entitle a wife to invoke the presumption is to show that she
sustained the relationship of wife to the deceased employé
at the time of his death.  In order to so hold we would have
to construe the statute as though it read, as it does in some
jurisdictions, notably New York, that the presumption shall
apply to all wives who survive their husbands.  To do that we
would have to disregard the qualifying clause in our statute,
"with whom she lives at the time of his death," altogether.
That clause cannot be ignored, since it determines precisely
under what circumstances the presumption applies.  The
mere fact of marriage and survivorship is not sufficient.  Un-
less a wife was living with the deceased employé as her hus-
band at the time of death the presumption cannot and does
not apply.  No doubt, for the purpose of invoking rights un-
der the law of succession and inheritance, or to protect a wife
in her dower or similar rights, the fact of marriage is suffi-
cient.  Such, however, is manifestly not the case under the
Industrial Act.  If such had been the purpose and intent of
the Legislature, the qualifying clause would have been omit-
ted altogether, and the mere fact of marriage and survivor-
ship would have been made the basis of the presumption as
in New York.  We have no right to change the manifest pur-
pose and meaning of the act.  The plaintiff, like the child in
the *McGarry Case,* must therefore be governed by the pro-
vision of the act which applies to "all other cases."  Her case
must therefore "be determined in accordance with the facts
*  *  *  existing at the time of the injury resulting in the
death of such employé."  It may be (a question we do not
decide) that under that clause a woman who marries a man
after the injury may, nevertheless, be entitled to some com-
pensation if the circumstances of the case warrant it.  That
is a matter, however, which must be determined "in each
particular case" precisely as the statute contemplates.

The question, therefore, is:  Can plaintiff, under the un-
disputed facts in this case, prevail?

Plaintiff married deceased at a time when he was mortally

injured and without hope of recovery. Deceased was thus not only in a helpless physical condition at the time of the marriage, but was utterly without hope of ever being in any other condition. He was not earning a farthing at the time of or after the marriage that could have been devoted to the support of plaintiff. Indeed, he was a helpless burden upon her. The whole theory and basis of our Industrial Act is that the claimant has been deprived of tangible support by reason of the injury and death of the deceased employé. In other words, in order to make the provisions of the Industrial Act applicable the applicant must show her dependency and that she is deprived of the wages which the injured employé was earning at the time of the injury. In case that she lives with her husband at the time of death dependency is, as a matter of course, presumed. Where the presumption applies, therefore, the Industrial Act, in a measure at least, seeks to compel the employer to restore to the applicant the loss he has sustained by reason of the loss of the wages earned by the deceased employé. Where, however, as here, she has sustained no loss nothing can be restored.

Nor was the plaintiff living with the deceased as contemplated by our statute at the time of his death. If merely to marry him and be with him at the hospital as an attendant or nurse, if in fact she did even that, constituted a living with the deceased, then any nurse or attendant would also be deemed to have been living with him. The statute contemplates a living together as husband and wife. If the deceased earned nothing, the mere fact of his death is unimportant under the Industrial Act so far as plaintiff's application is concerned. Plaintiff, therefore, clearly never had any claim upon the deceased, unless such claim arises by reason of her marriage. When that occurred, however, he was a helpless wreck and burden, and was earning and could earn nothing. Can plaintiff, by the mere act of marriage, therefore, convert a burden into a benefit? Can she, by her own act, create a dependency which did not and could not exist as a matter of fact? Can she, by merely creating the naked relation of husband and wife, claim the benefits of a most

beneficent law which was intended to protect those who in truth and in fact were dependent upon the earnings of a deceased employé whose death resulted from an injury in the course of his employment? To permit plaintiff to recover in this case would result not only in a travesty of justice but would inevitably result in casting suspicion if not reproach upon a most just and beneficent statute.

We desire to add here that we do not wish to be understood as holding that under no circumstances would it be possible for a woman who marries an employé after his injury to recover compensation. We have already pointed out the peculiar provisions of our statute in that regard. Our decision in this case is limited to the peculiar facts and circumstances of the case. When other cases arise they will be given careful consideration, and will receive our best judgment. Moreover, in applying the provisions of our Industrial Act, it must ever be kept in mind that the presumption in favor of a wife is not conclusive but is wisely made a rebuttable presumption. The Legislature no doubt had in mind the fact that a marriage may occur for the purpose of legitimating offspring or for the purpose of protecting the woman and giving her the ordinary marital rights respecting property. The presumption of her dependency is therefore wisely made a rebuttable one so that her rights under the Industrial Act may be applied in accordance with the actual facts, and not merely because she sustains the relation of wife to the deceased employé. In the instant case there is not only no merit to plaintiff's claim, but her relation with the deceased before marriage and with other men, to say the least, was reprehensible. We, however, do not care to dwell upon that phase of the case, and it must suffice to say that the Commission in referring to "all the circumstances in this case" no doubt had in mind plaintiff's conduct just referred to, and the Commission, in view of those circumstances, certainly was warranted in their conclusion that plaintiff's application should be denied.

We have refrained from reviewing or citing the cases referred to by counsel. No good could be subserved in review-

ing the cases cited, since they contain nothing which reflects any light upon the instant case. The decision is therefore controlled entirely by our statute and the undisputed facts and circumstances disclosed by the record.

It follows that the decision and order denying compensation to plaintiff should be, and it accordingly is, affirmed, with costs.

WEBER, C. J., and GIDEON, THURMAN and CHERRY, JJ., concur.