The plaintiff in its application asks us to review a mere interlocutory order of the Industrial Commission, hereinafter called Commission. The facts necessary to a full understanding of what the plaintiff requests, briefly, are:
In 1923 one Manda Sarich made application to the Commission for compensation as the alleged widow of one Joe Sarich, who it was alleged was injured in the course of his employment while in the employ of the plaintiff herein, and who died in consequence of the injuries thus received. Upon a hearing on that application the Commission denied compensation, and the applicant made application to this court for a writ to review the decision of the Commission. Such a writ was granted, and the case was considered by this court, and the action of the Commission in denying compensation was affirmed. Sarich v. Ind. Comm.,64 Utah, 17, 227 P. 1039, 35 A.L.R. 1062. The original application was commenced under the name of Manda Sarich without joining the names of her four minor children in the caption or title of the application. In the body of the application, however, Manda Sarich stated that she, as the wife of the deceased, and her four minor children were dependent on him for support, and she prayed for the full amount the statute authorizes the Commission to allow in a case of death. Some time after the decision of this court was handed down the four minor children aforesaid, by their mother, Manda Sarich, as "next friend," made a further application to the Commission for compensation as dependents of the deceased. The plaintiff interposed a motion to dismiss the application upon the grounds that the decision of the Commission on the first application, which was affirmed by this court, was decisive of the matters presented on the second, that is, the present application; that the whole matter was res adjudicate, and that the Commission "has no jurisdiction *Page 176 
to entertain the said application for compensation," etc. In support of its motion the plaintiff introduced in evidence the whole record, including all the evidence heard and the proceedings had on the first application. The Commission, upon a consideration of the evidence and proceedings, rendered its decision, and, pursuant to such decision, made the following order, to wit:
"In view of the foregoing the Commission orders that the motion made by defendant for dismissal of the application of Katie, Nick, Mary, and Matilda Rukavina, filed by their next friend, Manda Sarich, on September 8, 1924, be and the same is hereby denied; and be it further ordered that the same be set for hearing, a time and place fixed, and that the parties in interest be notified at which hearing the applicants will be afforded an opportunity to establish their status as members of decedent's family."
In due time plaintiff filed its application for a rehearing of the decision, which was denied. The plaintiff, by this proceeding, asks us to review the foregoing order or decision of the Commission and to annul the same.
We shall waive all questions respecting the propriety of raising the question of former adjudication by motion to dismiss. The question, however, remains whether a party to a proceeding pending before the Commission may, by a writ of review in this court, assail an interlocutory order, ruling, or decision of the Commission before the Commission has made a final decision and has awarded or denied compensation as contemplated by the Industrial Act (Comp. Laws 1917, §§ 3061-3165).
The powers of both the Commission and this court are clearly pointed out in the Industrial Act as amended by Laws Utah 1921, p. 181, and are quite limited in their scope or extent. The Statute (section 3148), as amended, reads: "The review" by this court shall not extend "further than to determine whether or not (1) the commission acted without or in excess of its powers; (2) if findings of fact are made, whether or 1
not such findings of fact support the award under review." The statute further provides:
"The findings and conclusions of the Commission on questions of fact shall be conclusive and final and shall not be subject to *Page 177 
review; such questions of fact shall include ultimate facts and the findings and conclusions of the Commission. * * * Upon the hearing the court shall enter judgment either affirming or setting aside the award."
It is further provided:
"The provisions of the Code of Civil Procedure of this state relating to writs of review shall, so far as applicable, and not in conflict with this act, apply to proceedings in the courts under the provisions of this section."
This clearly implies that the powers of this court in passing upon writs of review are limited as provided in the Code unless enlarged by the Industrial Act. The statute also confers exclusive jurisdiction on this court to review and annul or affirm the decisions or awards of the Commission. From the foregoing, and from other language used in the act, it is clear that the Commission has not the power, and it was not intended to have the power, to dispose of any application for compensation pending before it except upon the merits unless the application is dismissed or withdrawn by the applicant himself. In this connection it is pertinent to observe that we have had frequent occasion to pass upon the powers of both the Commission in making or in denying awards and the powers of this court in reviewing the acts of the Commission in that regard. This court has consistently and persistently held that our powers are limited to the determination of whether the Commission has exceeded its powers or has disregarded some positive 2
provision of law in making or in denying an award. We shall refer to a few only of the numerous cases decided by this court, namely: Industrial Comm. v. Evans, 52 Utah, 394,174 P. 825; Garfield Smelting Co. v. Industrial Comm.,53 Utah, 133, 178 P. 57; Moray v. Industrial Comm., 58 Utah, 404,199 P. 1023; Denver R.G.W. Ry. Co. v. Industrial Comm.,60 Utah, 95, 206 P. 1103; Continental Casualty Co. v. IndustrialComm., 61 Utah, 16, 210 P. 127; Park Utah Min. Co. v.Industrial Comm., 62 Utah, 421, 220 P. 389. *Page 178 
The doctrine now under consideration is clearly illustrated inMoray v. Industrial Comm., supra, in the fifth headnote, which reads as follows:
"All the Supreme Court is authorized to do in a compensation case is to determine whether the Industrial Commission has exceeded its authority in disregarding the law or in making findings and conclusions not supported by substantial legal evidence; if the Commission has not done so, the court cannot interfere, regardless of whether it does or does not agree with the Commission's findings and conclusions."
Recurring, now, to the plaintiff's motion to dismiss: Can it successfully be contended that if the Commission had the power to grant the motion as asked for by plaintiff it did not also have the power to deny it? Does not the mere statement of the proposition also furnish a conclusive answer? Can the answer be otherwise than in the affirmative? In denying the motion, therefore, the Commission did not act, and in the very nature of things could not have acted, "without or in excess of its powers." That being true, what right have we in this proceeding to review its action in refusing to dismiss the application and in making the order to proceed to a hearing on the merits? Let it be conceded, for the sake of argument, that, in view of the evidence before the Commission, it erred in its conclusion. A conclusive answer to that, however, is that this court has no power to correct the mere errors of judgment of the Commission. No doubt the Commission may misapply some provision of the statute or positive law in making or denying an award. If the Commission does so and makes an award for compensation which is contrary to law it does what is not sanctioned 3
by the law under which it acts, and hence, as it is expressed in the statute, it acts in excess of its jurisdiction. The same result follows when it denies compensation to an applicant who as matter of law is entitled thereto. As has frequently been pointed out by this court, in all cases where there is no dispute respecting the facts the law determines whether compensation should, or should not be allowed. It may well be, therefore, that in this case if there be no dispute respecting *Page 179 
the facts a plea of former adjudication may be a good defense as a matter of law. The same result may follow if as a matter of law the present applicants are entitled to compensation under the provisions of the Industrial Act. That, however, does not authorize a dismissal of the application on motion, but the Commission is still required to render its decision and either allow or deny compensation. The decision may then be reviewed by this court as the final conclusion of the Commission upon the merits. No doubt the Commission, in the due course of investigating and passing upon an application, may be called on to rule upon various objections by the parties, and it may err in its rulings. Such rulings may, however, not be reviewed by this court except as an incident to the review of the final decision of the Commission. The whole purpose, plan, and intent of the Industrial Act is to provide a simple adequate and speedy means to all applicants for compensation to have their applications heard and determined upon the merits, and to have the acts of the Commission as speedily reviewed by this court by any interested party if he thinks that the Commission has exceeded its powers or has disregarded some provision of the statute. Mere errors of judgment, however, in arriving at a conclusion or in making or denying an award are wholly immaterial except as before stated. A mere glance at the order of the Commission denying plaintiff's motion to dismiss the application clearly shows that the act of the Commission was not in excess of its powers nor does it dispose of the application upon its merits. Plaintiff's motion to dismiss, in legal effect, may, however, be likened to a motion for nonsuit which is interposed by a defendant in an action and which is denied by the court where the court orders the case to proceed to final determination on the merits. It is needless to say that no one would seriously insist that such a ruling would be subject to review by this court. As a matter of course, such could not be done, because the court's ruling, if erroneous, could be reviewed, after final judgment, by appeal. The point we desire to make, however, is that such cannot be done even *Page 180 
though there were no appeal until after judgment on the merits. For the same reason, if not for a much stronger reason, the order of the Commission denying plaintiff's motion cannot be reviewed in this proceeding.
Nor has this court any jurisdiction or power to review any order of the Commission until after a final decision has been made. No doubt, and the statute so provides, in case the Commission should refuse to proceed to a decision, it could be compelled to do so by writ of mandate issued by this court. If once the doors of this court are thrown open to review matters of this nature there will be no end to the orders and rulings of the Commission which are necessarily made in the course of these proceedings that we may be called on to review. It would be just as reasonable to ask us to review a defendant's motion to dismiss an application for compensation because, as he views it, the evidence is conclusive that he is not liable under the Industrial Act, or because the applicant was not in his employ at the time of the injury, or because the defendant is not within and hence not subject to the act, or because the injury did not occur in the course of the employment, etc. All of the foregoing matters are in a sense jurisdictional as pointed out in IndustrialComm. v. Evans, supra, and hence the temptation always arises to dispose of an application by interposing a motion to dismiss the proceeding. The statute, however, clearly contemplates that no application shall be disposed of except upon the merits (unless as before suggested), and that this court can only review the Commission's acts in making or in denying awards. In other words, the purpose of the statute is that mere errors of judgment on the part of the Commission shall not be 4
reviewable by this court, and, further, that no review shall be had until after the final disposition of the application by the Commission. Nor can the manifest purpose of the statute be ignored by the parties by not raising the question respecting the power of this court to entertain an application like the one before us. Neither we nor the parties have the power to waive the plain purpose and intent *Page 181 
of the statute. If the right to waive is once permitted, the whole plan and purpose of the statute will fail, and the injured employee and his dependents, for the benefit of whom the Industrial Act was conceived and passed, will again be subject to all the delays incident to litigation. Moreover, it will largely increase the number of cases that will be brought to this court on writs of review. To invite such a result would be inimical to the best interests of the employee, employer, and the public. We have already disposed of very nearly 100 cases upon writs of review issued since the law became operative in 1917. There is ample opportunity under the law for all aggrieved parties to obtain a speedy hearing and final judgment of this court after final decision by the Commission, and no good purpose could be subserved in extending the writs of review to mere interlocutory orders as attempted by this application, even if we had the power to do so.
The application in this case is premature, and therefore should be denied, and the proceeding dismissed at plaintiff's cost. Such is the order.
GIDEON, C.J., and THURMAN, CHERRY, and STRAUP, JJ., concur.