KENT v. INDUSTRIAL COMMISSION et al.

No. 5755. Decided May 9, 1936. (57 P. [2d] 724.)

*K. K. Steffensen,* of Salt Lake City, for plaintiff.

*Joseph Chez,* Atty. Gen., and *Gerald Irvine,* Deputy City Atty., of Salt Lake City, for defendants.

MOFFAT, Justice.

This is an application for review of a decision of the Industrial Commission of Utah, denying compensation to Charles Kent for an alleged injury arising out of an accident while engaged in the course of his employment.

It is alleged by the applicant that he, on February 23, 1935, while employed as assistant florist by Salt Lake City Corporation suffered an injury by accident. He was engaged at the time of the alleged accident in tending the furnace and carrying clinkers up stairs from the furnace. That in climbing the stairs with two buckets filled with clinkers he stumbled and one of the buckets filled with clinkers was dropped and struck him on the right side of the right foot, near his toes. That as a result the foot was bruised, a gangrenous condition followed, making it necessary to amputate the right foot above the ankle.

The commission found the fact of employment. It also found that the applicant made no report of the alleged accident to his employer or immediate superior. That the day

following the alleged accident George Prowis, applicant's immediate superior, asked to see applicant's foot, and at that time the foot was inflamed. Applicant also showed his foot to Mr. Bishop, who was in charge of the cemetery where applicant was employed.

The commission further found:

"Applicant was treated by Dr. E. F. Root. Prior to this alleged accident and for some years past, applicant has been afflicted with diabetes. The amputation of applicant's right foot became necessary because of his diabetic condition. The diabetic condition was not accelerated by reason of an accident sustained while in the employ of Salt Lake City Corporation."

The commission then concludes that Charles Kent was not injured by reason of an accident arising out of or in the course of his employment;

"that the disability complained of was caused by disease known as diabetes, which did not result from the alleged injury."

The commission denied the applicant compensation.

The matters relating to jurisdiction, the fact of employment, the character of the employment, and the wage rate were admitted. The contest was limited to the matter as to whether or not Charles Kent did on the 23d day of February, 1935, sustain an injury arising out of or in the course of his employment.

Mr. Kent testified that on the 23d day of February, 1935, while attending the furnace he had some clinkers and ashes in two buckets and was carrying them up some steps, and while so engaged he stumbled in some way and one of the buckets dropped on his toes. That at the time he thought it was a minor thing and did not pay any attention to it. It gradually got worse and became inflamed and red, when he examined it later the same day.

The next day he showed his foot to his "boss"; it was more inflamed, and he was advised to see a doctor. He did not tell any one what had happened with the bucket of ashes and clinkers, and explained that his reason for not doing so

was that he was afraid he would lose his job, although as others testified he was limping the following day and until he was taken home about the fourth or fifth day after. He went home on February 27th, and on March 5th went to the hospital where the foot was a day or so later amputated. Applicant had a number of years before been treated for diabetes.

Dr. E. F. Root testified that Mr. Kent had diabetes over a long period of years. That he did not require insulin treatment, and that although he suffered he did not show a great deal of sugar, and barring irritation to the tissues he would not expect gangrene. That the foot was at first inflamed. It did not respond to treatment, and within a few days amputation was necessary, as the entire foot had become gangrenous.

The doctor was then asked and he answered the following questions:

"Q. If it is established that this man did in fact sustain an accident on February 23rd by dropping a bucket of cinders on his right foot would you say that would be the precipitating cause of the condition that you have related here today, causing amputation? A. Yes.

"Q. Have you any doubt about it, doctor? A. No, not at all."

The doctor also indicated that Mr. Kent, at the time he consulted him concerning his foot, was suffering from a diabetic, toxic condition that tended to produce some mental derangement. The doctor's first diagnosis, he not having been informed of the alleged bucket incident, was that the "infection in the foot (was) in all probability contributed to by this diabetic condition."

The evidence also shows that applicant's foot became so inflamed the afternoon of the same day that he removed his shoe to examine it. The next day he showed his foot to fellow employees. He limped the following days until he was taken home, yet he maintains he told no one of the injury. Mr. Prowis, however, says that the next day Kent told him about dropping the bucket of cinders and ashes on his foot.

When the Industrial Commission denies compensation

and the case is brought to this court for review, a different type of search of the record is demanded than when the Industrial Commission makes an award of compensation and the record is likewise brought here for review.

In the case of denial of compensation, the record must disclose that there is material, substantial, competent, uncontradicted evidence sufficient to make a disregard of it justify the conclusion, as a matter of law, that the Industrial Commission arbitrarily and capriciously disregarded the evidence or unreasonably refused to believe such evidence. See *Kavalinakis* v. *Industrial Commission*, 67 Utah 174, 246 P. 698, and *Gagos* v. *Industrial Commission*, 87 Utah 101, 48 P. (2d) 449, 450.

In case of an award of compensation, all the record is required to disclose is that there is sufficient, competent, material evidence in the record to support the award. That there is a conflict in the evidence, or that this court might or would have found differently had the evidence been submitted to it as a trier of the facts, is of no consequence. The Industrial Commission is a fact-finding body, and in case there is any substantial evidence to support its findings, its findings are conclusive upon this court and may not be disturbed. *Utah-Idaho Central R. Co.* v. *Industrial Commission*, 71 Utah 490, 267 P. 785.

In ordinary cases a trier of fact may not arbitrarily and capriciously disregard credible, competent testimony or evidence where there is no sufficient reason to disregard it, nor may the Industrial Commission, without any reason or cause, arbitrarily and capriciously refuse to believe and act upon credible evidence which is unquestioned and undisputed. When we are asked to overturn the findings and conclusions of the commission denying compensation, it must be made clearly to appear that the commission acted wholly without cause in rejecting or in refusing to believe or give effect to the evidence. It was not intended by the Workmen's Compensation Act (Rev. St. 1933, 42-1-1 et seq.) that this court, in matters of evidence,

should to any extent substitute the judgment of the court upon factual matters for the judgment of the commission.

Such is the doctrine laid down by this court in the case of *Kavalinakis* v. *Industrial Commission*, supra, decided in 1926—ten years ago. The position of the court has not changed upon that doctrine, as has been evidenced by many cases since decided.

The cases heretofore decided demonstrate that the commission in administering the law has acted carefully and conscientiously. Generally, the facts are considered and applied liberally in favor of the injured employee or his unfortunate dependents.

That there will occasionally arise cases that appear hard, and those from the conclusions of which we may radically differ, must be admitted. By the law, however, we must abide.

Recently, in the case of *Gagos* v. *Industrial Commission*, supra, this court held, referring to the Industrial Commission, that: "The fact finder is not always required to believe the uncontradicted evidence of a witness," because there may be infirmities, not revealed by the record which caused the evidence to fail to carry conviction of its truth to the commission, and that under such circumstances the commission was not required to find in accordance with such evidence.

As indicated, the position may at times appear to be a hardship upon applicants, especially those to whom the commission refuses to make an award upon apparently credible and substantial evidence even at times apparently free from conflict. That the instant case may fall within that category in the minds of some does not justify a departure from the law as we find it.

We are of the opinion the decision of the commission must be affirmed. Such is the order.

ELIAS HANSEN, C. J., and FOLLAND, EPHRAIM HANSON, and WOLFE, JJ., concur.