400 P.2d 756

Marian L. SANDERSON, Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah, Belnap Freight Lines, and The State Insurance Fund, Defendants.

No. 10235.

Supreme Court of Utah.

April 16, 1965.

Lionel M. Farr, Salt Lake City, for plaintiff.

Charles Welch, Jr., F. A. Trottier, Salt Lake City, for defendants.

CALLISTER, Justice.

Certiorari to review an order of the Industrial Commission wherein it granted plaintiff certain medical expenses from the time of her injury to June 13, 1962, and workmen's compensation to and including February 12, 1962. It denied any payments for any later periods.

On January 18, 1962, plaintiff suffered injuries to her back and head as the result of an accident incurred during the course of her employment. She was immediately hospitalized. The plaintiff is a diabetic, and it seems to be undisputed that the injuries caused the condition to get out of control and special treatment (insulin) was given.

On April 4, 1963, plaintiff filed an application for benefits with the Industrial Commission. At this time the State Insurance Fund, insurance carrier for the employer, had already paid certain amounts for medical and hospital expenses and had paid plaintiff workmen's compensation up to and including February 12, 1962.

The Commission referred the medical aspects of the case to a medical panel [1] consisting of Dr. Boyd G. Holbrook, Dr. W. E. Hess and Dr. L. N. Ossman. This panel

1. 35-1-77, U.C.A.1953.

submitted a report wherein it concluded that there was no objective evidence of permanent disability as a result of the accident, and that the problem of diabetes had not been related to plaintiff's injury.

Plaintiff objected to this report and requested that the Commission appoint to the panel a neurologist and a medical doctor specializing in internal medicine. This was done and the case submitted to the panel, which now had five members. It submitted a report wherein it concluded:

(1) That applicant's hospitalization on January 18, 1962, was made necessary by this accident. This accident resulted in temporary loss of control of her diabetes and care of her diabetes was made necessary by this accident. The relationship of her diabetes to this accident ceased at the time of her discharge from the hospital and the subsequent course and care of her diabetes since that time is not related to this accident.

(2) This applicant follows the natural history of most diabetics and appears to follow the normal course of diabetes for her. There is no evidence of aggravation of her diabetic process as a result of this accident.

(3) Total temporary disability as a result of this accident ceased when she returned to work initially following this accident.

(4) There is no objective evidence of permanent disability as a result of this accident.

(5) No further treatment is indicated as a result of this accident.

Plaintiff filed objections to this report and a hearing was held on February 10, 1964. At this hearing two members of the panel testified and two doctors testified on behalf of the plaintiff. As is not uncommon, the testimony was conflicting. It is not necessary to set it forth in detail.

After the hearing had been concluded, the Commission entered the following order:

The Commission accepts the Panel Report.

The Commission concludes that applicant should receive compensation for time lost from work because of the injury to and including June 13, 1962, and that related medical and hospital bills to and including June 13, 1962, should be paid by the carrier. She should not be rated for permanent partial disability because there is no objective evidence of permanent disability as a result of the accident. * * *

It is further ordered that any claim at this time for permanent partial disability because of the injury to the back is hereby denied.

 It is the contention of plaintiff that the Commission acted arbitrarily, and

that its order is not supported by the evidence. With this we cannot agree. This court has stated on innumerable occasions that the Commission is the fact-finding body, and if there is any substantial evidence to support its findings, they are conclusive upon this court, and will not be disturbed.[2]

We find no merit in plaintiff's other contentions.

Affirmed.

HENRIOD, C. J., and McDONOUGH, CROCKETT and WADE, JJ., concur.

2. E. g., Kent v. Ind. Comm., 89 Utah 381, 57 P.2d 724 (1936).