426 P.2d 1019

**E. HALVORSON, INC., and the State Insurance Fund, Plaintiffs,**

**v.**

**Theodore L. WILLIAMS, and The Industrial Commission of Utah, Defendants.**

**No. 10743.**

Supreme Court of Utah.

April 24, 1967.

Robert D. Moore, Salt Lake City, for plaintiffs.

W. C. Lamoreaux, Phil L. Hansen, Atty. Gen., Salt Lake City, for defendants.

CROCKETT, Chief Justice:

The State Insurance Fund seeks reversal of an order of The Industrial Commission allowing the defendant, Theodore L. Williams, workmen's compensation based on total and permanent disability, urging that there should be a segregation between the percentage of disability resulting from an industrial accident and that due to his pre-existing heart and lung trouble.

On October 13, 1964, while in the course of his employment with the Halvorson Construction Company, a platform on which Mr. Williams was standing tipped, and he fell about 20 feet onto a cement surface, causing him grievous injuries, described briefly thus: fractures of the bones in both ankles and of the lumbar vertebra; in the hospital his abdomen became distended; his blood pressure was very low and he had severe pains, particularly in his chest. It was concluded that some time after the accident he experienced an acute coronary thrombosis and myocardial infarction. It was from these injuries and their effect on him that he was given the total and permanent disability rating.

The contention of The State Insurance Fund, that because Mr. Williams had some previously-existing heart and lung trouble, there should have been a separate percentage resulting from the accident, is based on Sec. 35-1-69, U.C.A.1953. It provides in substance that if an employee has a previously incurred permanent incapacity prior to his accidental injury, so that his resulting permanent incapacity is greater than if he did not have the previous infirmity, he " * * * shall be awarded on the basis of the combined injuries, but the liability of the employer for such compensation * * * shall be for the industrial injury only, and the remainder shall be paid out of the special fund * * * " (a fund created by Sec. 35-1-68 requiring payment into state treasury in the event of death when there are no dependents).

We have no disagreement with the plaintiff's premise that this statute should be complied with under proper circumstances. But it is the prerogative of The Industrial Commission to make the findings of fact, which will not be disturbed unless its action is capricious or arbitrary;[1] and this also applies to its refusal to find

1. See Sec. 35-1-85, U.C.A. 1953; Kent v. Industrial Comm., 89 Utah 381, 57 P.2d 724.

facts. Thus our concern on this review is not whether the evidence may have justified a percentage determination of prior disability if the Commission had so found. It is whether there is a reasonable basis in the evidence to justify its refusal to make the findings desired by the plaintiff.[2]

Some plausibility for the plaintiff's position seems grounded on the facts that the applicant unquestionably had some previous heart and lung deficiency and that the first report of the medical advisory board on his case stated that: "The Board recommends: (1) fifty per cent loss of body function due to musculo-skeletal injuries; (2) consultation by Dr. Null for evaluation of cardiac and pulmonary status *and its relationship to the accident.*" However, it should be noted that provision (1) just quoted does not purport to be final, but is coupled with (2), which looks toward further evaluation.

After the applicant was examined by Dr. Null, the panel met with the applicant and carefully reviewed his case. Its report concerning injuries resulting from the accident referred to the various ailments listed above, plus difficulty with his kidneys and urinary functioning; and that he had "severe, chronic pulmonary disease, which in itself would be sufficient reason for total and permanent disability," and other ailments adding up to a theoretical higher percentage, but the panel indicated that his total disability resulted from the accident.

A member of the panel was called to testify in amplification and clarification of the report. The questioning quite thoroughly probed for something definite as to a pre-existing *disability.* This the doctor was unwilling to affirm. He stated that the applicant's heart and lung condition did exist, but that it was apparently "somewhat stabilized and had been for several years because he [applicant] had been employed doing reasonably heavy work" and had "sufficient pulmonary reserve to do his job" which was "working and doing heavy work prior to his injury * * * so his pulmonary problem apparently was not disabling." Although pressed on cross-examination, the doctor stated that neither he nor the panel had sufficient information on which to determine the extent of disability prior to the accident; and that he could not give an opinion as to any percentage of pre-existing disability. It has long been settled that the fact that an employee had a pre-existing infirmity which was lighted up or aggravated by the accident will not defeat his right to compensation.[3]

It is our conclusion that there is ample justification in the evidence for the view that even though the applicant had some pre-existing infirmities, they were not

2. Ibid.

3. Standard Coal Co. v. Industrial Comm., 69 Utah 83, 252 P. 292.

disabling to the extent requiring any separate percentage finding of disability. Accordingly, there is no valid foundation for the plaintiff's charge that The Industrial Commission acted capriciously and arbitrarily in refusing to make such a determination.[4] (All emphasis added.)

Affirmed. No costs awarded.

CALLISTER, TUCKETT, HENRIOD and ELLETT, JJ., concur.

4. See Vause v. Industrial Comm., 17 Utah 2d 217, 407 P.2d 1006; Kent v. Industrial Comm., footnote 1 above.