511 P.2d 743

**DUAINE BROWN CHEVROLET COMPANY and Royal-Globe Insurance Company, Plaintiffs,**

v.

**INDUSTRIAL COMMISSION OF UTAH and Arland K. Storer, Defendants.**

No. 13174.

Supreme Court of Utah.

July 5, 1973.

Stuart L. Poelman, of Worsley, Snow & Christensen, Salt Lake City, for plaintiffs.

Vernon B. Romney, Atty. Gen., Robert J. Shaughnessy, Salt Lake City, for defendants.

TUCKETT, Justice.

This is an original proceeding to review a decision of the Industrial Commission which awarded to the defendant Arland K. Storer compensation for an injury suffered by Storer while employed by Duaine Brown Chevrolet Company. Plaintiffs are here urging that the order of the Commission be set aside.

Arland K. Storer was employed by the plaintiff Duaine Brown Chevrolet Company as an automobile body repairman. Storer had suffered a series of injuries resulting from his employment which occurred in the years 1965, 1966, 1969, April 1, 1970, and on November 14, 1970. Each of the injuries resulted while Storer was engaged in lifting various automobile parts or in fitting them together. The injuries suffered by Storer included the one which occurred on April 1, 1970, when Storer was employed by Capitol Chevrolet Company. The injury suffered by Storer on November 14, 1970, occurred after he was employed by Duaine Brown Chevrolet Company.

Storer had suffered back ailments even as a child, but there was no indication of any permanent disability prior to 1965. During the period from 1965 to 1970, Storer relied heavily on chiropractic treatments for relief of his pain, and he was able to continue working at his occupation. After the accident of November 14, 1970, Storer suffered constant pain until October 3, 1971, at which time he underwent surgery for the purpose of repairing two herniated discs.

The medical aspects of the case were referred to a special medical panel for evaluation. After objections were filed to the report of the medical panel a hearing was had at which Dr. Wallace E. Hess, chairman of the medical panel, testified. The medical panel was unable to attribute the two herniated discs to the accident of November 14, 1970, or to a particular earlier accident. The report of the medical panel attempted to apportion Storer's physical impairment among the various accidents which contributed to his disability. The hearing examiner concluded that an apportionment was improper, and concluded that the employer at the time of the last accident was obligated to pay the entire award. The findings and conclusion of the hearing examiner were concurred in by two members of the Commission.

The plaintiffs are here seeking a reversal of the Commission's order on two grounds: (1) that the Commission's order

is arbitrary and capricious in that it is not supported by substantial evidence; and (2) that the Commission should have apportioned liability for the claimed benefits among the various accidents.

■■ After a careful review of the evidence we must conclude that there is ample evidence to support the findings and conclusion of the Commission. Section 35–1–84, U.C.A.1953, limits the review of these matters by the court. That section provides in part as follows:

. . . Upon such review the court may affirm or set aside such award, but only upon the following grounds:

(1) That the commission acted without or in excess of its powers;

(2) That the findings of fact do not support the award.

We are obliged to look at the evidence in the light most favorable to the Commission's findings, and the court will not interfere with the orders of the Commission unless it appears as a matter contrary to law or contrary to the evidence.[1]

■ Some states have apportionment statutes which allow a recovery to be prorated among multiple insurers. We have no such statute in the state of Utah, nor has the court attempted by decision to make apportionments. The record in this case would indicate that Storer's last injury aggravated his prior disability and the act of the commission in assessing the award against the plaintiffs was corect.[2]

The decision of the Commission is affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

---

1. Utah Consol. Mining Co. v. Industrial Commission, 66 Utah 173, 240 P. 440; Kent v. Industrial Commission, 89 Utah 381, 57 P.2d 724; Vause v. Industrial Commission, 17 Utah 2d 217, 407 P.2d 1006.

2. Larson on Workmen's Compensation Law, Sec. 95.31, Regis v. Lansing Drop Forge Co., 25 Mich.App. 637, 181 N.W. 2d 656.