**MOUNTAIN STATES STEEL COMPANY, and Argonaut Insurance Company, Plaintiffs,**

v.

**INDUSTRIAL COMMISSION OF UTAH et al., Defendants.**

**No. 13872.**

Supreme Court of Utah.

May 23, 1975.

Robert W. Brandt and Jon J. Bunderson, of Brandt, Miller, Nelson & Christopherson, Salt Lake City, for plaintiffs.

Vernon B. Romney, Atty. Gen., for Industrial Comm.

Richard H. Moffat and John L. Young of Moffat, Welling, Paulsen & Burningham, Salt Lake City, for Liberty Ins. Co.

MAUGHAN, Justice:

Plaintiffs appeal from a decision of the Industrial Commission, seek reversal of the Commission's order, and ask that the compensation awarded to Jerry Allen Taylor be apportioned. Argonaut Insurance Company is the last of three different insurance carriers insuring three different employers of Taylor, at three different times when Taylor suffered industrial injury.

In 1969, Jerry Allen Taylor suffered a back injury when he was employed in the state of Oregon. He subsequently removed to Utah, and in January 1973, while employed with Mountain States Steel, he again injured his back. The insurance carrier, at this time, was Liberty Mutual. On October 5, 1973, yet in the employ of Mountain States Steel, he again injured his back. This injury required the surgical repair of two herniated intervertebral discs. The insurance carrier at the time of this last accident was Argonaut.

The medical panel found that the first injury produced a herniated but not extruded intervertebral disc; that the injury of January 1973 was a significant aggravating factor contributing toward the eventual need for surgery; and that the third injury of October 1973 was also a precipitating factor making surgery necessary at that time. The panel further found a permanent 15 per cent loss of body function, with 5 per cent of that disability resulting from each of the three accidents.

On these findings the Commission hinged its order, which required Argonaut to pay compensation for all of the permanent 15 per cent disability, the medical expenses, and temporary disability incurred after October 3, 1973.

No attack is made on the power of the Commission to make such an award, nor on the quality of the evidence supporting the award. Plaintiffs urge apportionment of the award, presumably after the fashion of the decision of the trial examiner, which required Argonaut to pay one third, Liberty Mutual to pay one third, and held in abeyance the other one third pending a determination of the response of the Industrial Commission of the state of Oregon.

In view of our statutory and case law, the Commission correctly rejected this view and assessed the award against Argonaut. In doing so it relied on the holding in Duaine Brown Chevrolet Co. v. In-

dustrial Commission.[1] Therein it was said:

> Some states have apportionment statutes which allow a recovery to be prorated among multiple insurers. We have no such statute in the state of Utah, nor has the court attempted by decision to make apportionments.

Plaintiffs attempted to distinguish the facts in the Brown case from those in the instant matter by showing a less precise apportionment of injury, by the medical panel in Brown than by the medical panel in the instant matter. Assuming that such was successful, the holding in Brown is yet the law in this jurisdiction.

The order of the Industrial Commission is sustained. No costs awarded.

HENRIOD, C. J., and ELLETT, CROCKETT and TUCKETT, JJ., concur.

1. 29 Utah 2d 478, 511 P.2d 743 (1973).