Joan HARRISON, widow of William G. Harrison, Deceased, Plaintiff,

v.

The INDUSTRIAL COMMISSION of Utah, Bill G. Harrison Mining Company, and State Insurance Fund, Defendants.*

No. 15401.

Supreme Court of Utah.

July 10, 1978.

W. Brent Wilcox, and William J. Armstrong, of Moyle & Draper, Salt Lake City, for plaintiff.

Robert B. Hansen, Atty. Gen., Robert D. Moore and Gregory C. Diamond, Salt Lake City, for defendants.

ELLETT, Chief Justice:

The plaintiff, as surviving widow of William G. Harrison, appeals from a decision of the Industrial Commission denying her claim for benefits as a dependent of her deceased husband.

William G. Harrison had been a uranium miner since 1945. On August 29, 1975, he filed an occupational disease claim alleging disability as a result of silicosis and cancer caused by prolonged exposure to "rock dust and diesel smoke." Before Mr. Harrison could undergo medical examination, he died November 6, 1975.

Mr. Harrison had been a smoker since the age of fourteen, at a rate of from one to one and one-half packs per day, and was medically considered to be a heavy smoker.

* Editor's Note: The opinion of the Supreme Court of Utah in J. W. Broadwater v. Van Tassell, published in the advance sheets at this citation (578 P.2d 510) was withdrawn from the bound volume by order of the court.

The final diagnosis given in an autopsy report states:

1. CARCINOMA, SMALL CELL CARCINOMA, RIGHT UPPER LOBE WITH LYMPHATIC PERMEATION, RIGHT LOBE AND RIGHT LOWER LOBE (WHO 2B).
2. PULMONARY FIBROSIS WITH EMPHYSEMA, MODERATE.
3. SILICOTIC FOCI, ALL LOBES OF THE LUNG.
4. PULMONARY EDEMA.
5. REGIONAL LYMPH NODE METASTASIS, EXTENSIVE.

Other medical records, throughout the Court's record, expand this analysis.

A medical panel composed of Drs. Elmer M. Kilpatrick, Charles D. Behrens and Laurence G. Christensen met and reviewed the autopsy report performed at the request of the State Insurance Fund and Industrial Commission, medical records, and X-rays of the deceased. The panel unanimously reported that Mr. Harrison did not die of an occupational disease but rather from a disease identified as small-cell lung carcinoma with metastases, with complications from cancer chemotherapy; and that he had a history of prolonged cigarette smoking with chronic bronchitis and emphysema which contributed to his death.

The chairman of the panel was Dr. Elmer M. Kilpatrick. Dr. Kilpatrick testified that all of the panel members met as a group and reviewed the records of Mr. Harrison. Further, the entire panel agreed with the result. The panel's report was dated May 8, 1976. On June 7, 1976, an objection to said report was filed by Mrs. Harrison alleging that Dr. Kilpatrick was "prejudiced and biased and thereby unable to fairly evaluate claims involving lung cancer allegedly from uranium mining."

A hearing on the objection was held January 26, 1977. At that time Dr. Elmer M. Kilpatrick was called to testify in support of the panel's report. Dr. Victor E. Archer was called on behalf of Mrs. Harrison. A letter dated 8–22–75 from Dr. Kilpatrick and addressed to R. S. Ferguson of the State Compensation Insurance Fund in Denver, Colorado, was admitted on motion of Mrs. Harrison which allegedly displayed the bias of Dr. Kilpatrick. Therein the doctor inter alia stated:

Furthermore there is no tag of identity in a given cancer from a uranium miner. Cell types are the same, uranium miner, smoker, or in an idiopathic lung cancer. Also in considering therapy for a uranium miner, there is no different specific treatment for this cancer category.

Certainly, in any given lung cancer, in a uranium miner, potentials for the effects in production of the cancer from isotopes must be considered, but not to the exclusion of all other potentials. Probability is to be differentiated from improbability, and these words are the key to analysis.

The thinking, as above mentioned, will be in effect, as I review the cases you have forwarded to this office.

It may be of interest to state, that of the six cases of lung cancer of miners of uranium, studied by the Utah Medical Panel, five were also smokers in heavy amounts. None of these were given an award by the Industrial Commission. Case number six, had been a past heavy smoker, but had not smoked for sixteen years, and the situation was considered that he seemed to fit a high probability for causal relationship related to radon exposure, and an award was allowed.

In this case, in which an award was allowed, in the light of the present understanding, other different decisions may have been concluded.

Despite the allegations of the objection to the report of the medical panel, no example of bias or prejudice on the part of Dr. Kilpatrick was offered other than the letter and testimony contained in the record.

█ It may be that Dr. Kilpatrick has a professional opinion that smoking could be a potent cause of lung cancer but that is not a prejudice against a party to the proceeding which would entitle a disgruntled party to have a new panel hearing.

█ It was for the Commission to weigh the evidence before it and to determine the facts of the case. When that determination is supported by competent

**512**

evidence, we do not reverse unless the ruling is without, or is in excess of, its jurisdiction. Our statute[1] provides that the findings of fact by the Commission are final and shall not be subject to review.

In the case of *Woodburn v. Industrial Commission*[2] the Chief Justice referred to the decided cases and said:

> The extent of review by this court in this type of case is: Did the Commission act without or in excess of its powers in denying compensation to the plaintiff? Section 42–1–78, U.C.A., 1943.
>
> The test applicable to this type of case to determine whether or not the Commission acted without or in excess of its powers has been clearly crystallized by previous opinions and was stated as follows in *Kent v. Industrial Commission*, 89 Utah 381, 57 P.2d 724, 725:
>
> 'In the case of denial of compensation, the record must disclose that there is material, substantial, competent, uncontradicted evidence sufficient to make a disregard of it justify the conclusion, as a matter of law, that the Industrial Commission arbitrarily and capriciously disregarded the evidence or unreasonably refused to believe such evidence.'

The present statute[3] is the same in substance as was U.C.A., 1943, 42–1–78.

Dr. Kilpatrick, the chairman of the medical panel, was called as a witness before the Commission at the hearing on the objection to the panel report. The plaintiff called Dr. Archer who testified that in his opinion "radon exposure was the most important factor in the development of his (William G. Harrison's) lung cancer."

The evidence was for the Commission to reconcile and to determine where the truth lay. The Commission heard the testimony, considered all other evidence, and made a ruling which finds support in the record. We, therefore, affirm the ruling as made. No costs awarded.

CROCKETT, WILKINS and HALL, JJ., concur.

MAUGHAN, J., concurs in result.

1. U.C.A., 1953, 35·1–85.

2. 111 Utah 393, 181 P.2d 209 (1947).

3. U.C.A., 1953, 35–1–84, enacted by Ch. 156, Sec. 10, Laws of Utah, 1977.